FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRIS MICHAEL S.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 2:17-CV-00255-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 14 & 17. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C § 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

# I. Jurisdiction

Plaintiff filed his application for Supplemental Security Income on September 10, 2013. AR 179-85. His alleged onset date of disability is May 21, 2009. AR 179. However, *Res Judicata* applies through March 30, 2012, the date of a prior unfavorable and uncontested disability determination. AR 20. Plaintiff's application was initially denied on November 20, 2013, AR 121-24, and on reconsideration on March 11, 2014, AR 130-32.

A hearing with Administrative Law Judge ("ALJ") Mark Kim occurred on January 5, 2016. AR 38-74. On February 10, 2016, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 20-33. The Appeals Council denied Plaintiff's request for review on May 15, 2017, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on July 13, 2017. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or he is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 &

416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of

performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by

inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104,

1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

2002) (if the "evidence is susceptible to more than one rational interpretation, one

of which supports the ALJ's decision, the conclusion must be upheld"). Moreover,

a district court "may not reverse an ALJ's decision on account of an error that is

harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is

inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115.

The burden of showing that an error is harmful generally falls upon the party

appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings

and only briefly summarized here. Plaintiff was 51 years old at the date the

application was filed. AR 31, 179. He has an education through ninth or tenth

grade and he is able to communicate in English. AR 26, 31, 199. Plaintiff has a

history of using marijuana, methamphetamine, cocaine, hallucinogens, and heroin.

AR 25, 255 Plaintiff has past work as an automobile mechanic and a tractor trailer

truck driver. AR 31.

\\

# V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from September 10, 2013, through the date of the ALJ's decision. AR 21, 33.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 10, 2013 (citing 20 C.F.R. § 416.971 *et seq.*). AR 22.

**At step two**, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and the cervical spine, and pain disorder with a reading disorder (citing 20 C.F.R. § 416.920(c)). AR 22.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 23.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform light work, except: he must be allowed to alternate from the sit-stand position every 30 minutes while staying on task; he can never climb ladders or scaffolds; he can occasionally climb ramps and flights of stairs, stoop, kneel, crouch, and crawl; he can frequently rotate, flex and extend the neck; he can occasionally reach overhead with bilateral upper extremities; he is limited to occupations that do not require complex written communication; he must avoid

even occasional exposure to hazards, such as moving machinery and unprotected heights; he must avoid frequent exposure to extreme cold temperature, humidity, and excessive vibration; he can perform simple routine tasks primarily due to pain. AR 25.

The ALJ found Plaintiff unable to perform his past relevant work. AR 31.

**At step five**, the ALJ found, in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 32. These include assembler; inspector and hand packager; and garment sorter. *Id*.

## VI.    Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly discrediting Plaintiff's subjective complaint testimony; (2) improperly evaluating the medical opinion evidence; and (3) improperly assessing Plaintiff's residual functional capacity, and failing to identify jobs, available in significant numbers, that Plaintiff could perform despite his functional limitations.

\\

\\

\\

\\

## VII. Discussion

### A. The ALJ did not err in finding Plaintiff's subjective complaints not entirely credible.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180

F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 26. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 25-27.

Plaintiff argues that the ALJ erroneously discredited his subjective complaint testimony in finding that there is a lack of objective evidence in the record to support his symptom claims. ECF No. 14 at 10. However, with regard to his physical symptoms, the ALJ actually found that the medical record is inconsistent with subjective limitation complaints. AR 26. The ALJ specifically noted that despite Plaintiff's allegations of completely debilitating physical limitations due to his back pain, objective medical imaging demonstrated only mild disc degeneration and no abnormalities. AR 26, 411-12, 268-70. The ALJ's determination is further supported by the multiple normal physical examinations in the medical record. *See, e.g.*, AR 381, 383, 387, 389, 395, 398, 401, 404, 408, 418. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations

and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

With regard to Plaintiff's allegedly completely debilitating mental limitations, the ALJ noted that there are no treating records to show Plaintiff had or needed mental health care other than receiving medication from a physician's assistant. AR 27. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If a claimant's condition is not severe enough to motivate them to follow the prescribed course of treatment this is "powerful evidence" regarding the extent to which they are limited by the impairment. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Additionally, the ALJ found that Plaintiff's allegedly disabling mental health limitations were well controlled when he followed his medical treatment recommendations. AR 27. Plaintiff specifically stated that he had a good response and tolerance to his medication regimen, he did not need his anxiety medication once he stopped smoking, on medication he has consistently denied suicidal and homicidal ideation, and Plaintiff repeatedly reported his pain is well controlled by his medications. *See, e.g.*, AR 27, 324, 387, 389, 394, 401, 403, 407,

418. An ALJ may find a claimant's symptom testimony not credible based on evidence of effective responses to treatment. *See*, *e.g.*, *Burch*, 400 F.3d at 681; 20 C.F.R. §§ 404.1529(c)(3), 416.1529(c)(3). Impairments that can be controlled with treatment are not disabling. *See Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). This reason is not contested by the Plaintiff. Psychiatric exam notes also are consistently normal and unremarkable. *See*, *e.g.*, AR 383, 387, 389, 395, 401, 404, 408, 418. As noted above, an ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle*, 533 F.3d at 1161. Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan*, 242 F.3d at.

Additionally, the ALJ found that Plaintiff's allegations of completely debilitating limitations and inability to lift or sit or stand from more than three minutes are belied by his daily activates of doing the laundry and driving a car. AR 26. This is not contested by the Plaintiff. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally

debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Lastly, the ALJ noted inconsistent statements provided by the Plaintiff as a reason to discredit his subjective complaint testimony. AR 26. This reason is also not contested by the Plaintiff. *Smolen*, 80 F.3d at 1284 (an ALJ may consider inconsistent statements or other testimony that appears less than candid in weighing credibility). The ALJ noted that Plaintiff reported he can only walk 100 yards before stopping, but Plaintiff told Dr. Mabee that he takes his dog out for walks that are about a quarter of a mile (440 yards). AR 26, 255. Plaintiff alleges difficulty with completing tasks, but contradictorily stated that he finishes what he starts. AR 26, 210.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ properly weighed the medical opinion evidence.**

**a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than

his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Additionally, "other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

### b. Scott Mabee, Ph.D.

Dr. Mabee is an examining psychologist who completed a psychological evaluation for the Washington State Department of Social and Health Services in October 2012. AR 28, 254-61. Dr. Mabee opined that Plaintiff has severe limitations in his ability to perform activities within a schedule and marked limitation in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. AR 256-57. Dr. Mabee also opined that Plaintiff did not need a protective payee to manage his funds. AR 257.

1  Dr. Mabee's opinion is contradicted by the opinion of testifying medical expert,

2  Dr. Veraldi and the opinions of Dr. Robinson and Dr. Brown.

3      The ALJ assigned little weight to Dr. Mabee's opinion for multiple valid

4  reasons. AR 28. First, the ALJ noted that Dr. Mabee's findings were inconsistent

5  with the medical record treatment record, which Dr. Mabee did not review. *Id*. The

6  ALJ specifically noted that despite one instance of a depressed appearance and

7  inappropriate mood and affect, Plaintiff has consistently exhibited a normal

8  orientation, the ability to follow commands and conversation appropriately, and

9  normal mood and affect. AR 28, 298, 304, 315, 321, 345, 395, 401, 408, 418, 420,

10  426. As found by the ALJ, Plaintiff also denied any psychiatric hospitalizations or

11  mental health counseling and reported that he gets along well with others. AR 28,

12  254-55. An ALJ may reject a doctor's opinion when it is inconsistent with other

13  evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d

14  595, 600 (9th Cir. 1999).

15      Second, the ALJ also found that Dr. Mabee's opinion is inconsistent with his

16  own notes and exams. AR 28. A discrepancy between a doctor's recorded

17  observations and opinions is a clear and convincing reason for not relying on the

18  doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The

19  ALJ noted that Dr. Mabee's mental status examination found that Plaintiff had a

20  full affect and euthymic mood, goal-directed thought content, normal orientation,

full insight, and impulse control. AR 28, 259-60. Dr. Mabee found that Plaintiff's mental functioning was within normal limits in every category. AR 258. Plaintiff scored a 29 out of 30 on Dr. Mabee's mini mental status examination, which falls in the near-perfect "normal" range, and had no errors on the trail making tests again scoring within normal limits. AR 28, 260.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Dr. Mabee's opinion.

### c. Debra Stimpson, PA-C.

Ms. Stimpson is a physician's assistant who provided an opinion in June 2009, following a physical examination for the Washington Department of Social Health and Services. AR 347-50. Ms. Stimpson opined that Plaintiff's back pain affected his ability to sit, stand, walk, list, handle, and carry, and that Plaintiff is limited to sedentary work without medical treatment. AR 29-30, 249-50. Ms. Stimpson recommended treatment by a neurosurgeon and physical therapy to

improve employability and that she would not be providing ongoing care but that once Plaintiff has received treatment, his ability to work should be reevaluated in 90 days. AR 30, 350. Ms. Stimpson's opinion is contradicted by the opinion of testifying medical expert Dr. Ghazi and the opinion of Dr. Hale. The opinion testimony of Ms. Stimpson falls under the category of "other sources," and the ALJ must give germane reasons for discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

The ALJ did not completely reject Ms. Stimpson's opinion but assigned it little weight. AR 29-30. The ALJ discounted Ms. Stimpson's opinion because it is inconsistent with the objective medical record. *Id*. Inconsistency with medical evidence is a germane reason to discount statements from other sources. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). An ALJ may reject even a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-603 (9th Cir. 1999). Notwithstanding Ms. Stimpson's opinion that Plaintiff is severely limited in his ability to perform basic-work activities and he is limited to sedentary work, the record is replete with normal or only mild physical findings, including Ms. Stimpson's notes and findings. AR 352, 354, 381, 383, 387, 389, 395, 398, 401, 404, 408, 418. The ALJ also specifically noted that Ms. Stimpson's opinion is inconsistent with the objective medical imaging demonstrating only mild to

moderate findings and with Dr. Ghazi's testimony who opined that the medical imaging shows Plaintiff's lumbar spine is normal for his age. AR 30, 45, 411-12.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Ms. Stimpson's opinion.

### d. Rogelio Cantu, PA-C.

Mr. Cantu is a physician's assistant who provided opinions in December 2010 and January 2015, for the Washington Department of Social and Health Services following physical examinations. AR 30, 363-66, 370-74. Mr. Cantu opined in December 2010, that Plaintiff's condition will impair his work function for six months, and he can stand for up to two hours and sit for at least six hours in an eight hour workday if given the option to change position, he can lift up to five pounds occasionally and frequently, and he will have some postural limitations that are not described. AR 363. The ALJ assigned partial weight to this opinion. AR 30. Mr. Cantu opined in January 2015, that Plaintiff's back impairment would

significantly limit his ability to stand, walk, lift, carry, push, and pull, and he should be limited to sedentary work. AR 371-72. The ALJ assigned little weight to this opinion. AR 30. Mr. Cantu's opinion is contradicted by the opinion of testifying medical expert Dr. Ghazi and the opinion of Dr. Hale. The opinion testimony of Mr. Cantu falls under the category of "other sources," and the ALJ must give germane reasons for discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

The ALJ provided valid reasons supported by the record in assigning less weight to Mr. Cantu's opinions. AR 30. First, Mr. Cantu's opinion was properly afforded little weight because the assessment applied only for six months and therefore does not satisfy the twelve-month durational requirement. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the ALJ found that Mr. Cantu's opinion is inconsistent with his own medical notes and examinations. AR 30. Despite opining that Plaintiff should be significantly limited, Mr. Cantu's records consistently note normal physical examination results, everything is normal and intact, and there are no deformities or any motor or sensory deficits. AR 30, 381, 383, 387, 389, 395, 398, 401, 404, 408, 418. A discrepancy between even a doctor's recorded observations and opinions is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss*, 427 F.3d at 1216. Lastly, the ALJ noted that Mr. Cantu's opinion is inconsistent with the medical evidence of record that demonstrates

Plaintiff has full muscle strength in his upper and lower extremities, only mild to moderate disc degeneration and no lumbar spine abnormalities. AR 30, 273, 284, 411-12. Inconsistency with medical evidence is a germane reason to discount statements from other sources. *See Bayliss*, 427 F.3d at 1218. An ALJ may reject even a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at 602-603.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Mr. Cantu's opinions.

### C. The ALJ properly assessed Plaintiff's residual functional capacity and did not err at step five of the sequential evaluation process.

Plaintiff very briefly argues that his assessed residual functional capacity and the ultimate determination regarding disability did not account for all of his limitations, specifically that the ALJ did not include Plaintiff's claim of needing to lie down during the day. ECF No. 14 at 14-15. The Court disagrees. The ALJ

specifically stated that all symptoms consistent with the medical evidence were considered in assessing Plaintiff's residual functional capacity. AR 25. The record shows the ALJ did account for the objective medical limitations, so the Court finds no error. The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *See Stubbs-Danielson*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

The ALJ properly framed the hypothetical question addressed to the vocational expert. Additionally, the vocational expert identified jobs in the national economy that exist in significant numbers that match the abilities of the Plaintiff. Thus, the Court finds the ALJ did not err in assessing Plaintiff's residual functional capacity and the ALJ properly identified jobs that Plaintiff could perform despite his limitations.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be

**CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order,

forward copies to counsel and **close the file**.

**DATED** this 21st day of September, 2018.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge